# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SANTOS ALBERTO MEDRANO, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION H-12-1948 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION AND ORDER

Petitioner, a state inmate proceeding *pro se*, seeks habeas relief under 28 U.S.C. § 2254 challenging his four 2007 convictions for aggravated sexual assault of a child. Respondent filed a motion for summary judgment based on limitations (Docket Entry No. 15), to which petitioner filed a response (Docket Entry No. 18).

Based on consideration of the pleadings, the motion and response, the record, and the applicable law, the Court GRANTS the motion for summary judgment and DISMISSES this case for the reasons that follow.

### *Procedural Background and Claims*

Petitioner pleaded guilty to four counts of aggravated sexual assault of a child on October 9, 2007, and was sentenced to fifteen years incarceration under each. No direct appeal was taken. Public records for the state courts show that petitioner filed four state habeas applications challenging the convictions on June 6, 2010, and that the applications remain pending in the trial court.


Petitioner filed the instant petition on February 29, 2012, raising the following grounds for federal habeas relief:

1. His guilty plea was involuntary because trial counsel coerced him into making it by promising to apply for shock probation and stating that he could receive up to a life sentence if the case went to trial.

2. His trial counsel was ineffective in:

   a. failing to properly investigate a witness;

   b. refusing to discuss details about the charges;

   c. inaccurately admonishing him about the punishment range;

   d. failing to obtain a jury trial; and

   e. failing to advise him about deportation and his right to appeal.

Respondent argues that these grounds are barred by the federal one-year statute of limitations and should be dismissed.

### *Statute of Limitations*

As petitioner was convicted after April 24, 1996, this pending petition is governed by provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Under AEDPA, federal habeas corpus petitions are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. §§ 2244(d)(1), (2).

Petitioner pleaded guilty to four counts of aggravated sexual assault of a child and was sentenced to fifteen years incarceration on October 9, 2007. No direct appeal was taken. Accordingly, petitioner's convictions became final for purposes of the AEDPA limitation thirty days later, on or about November 8, 2007, and expired one year later, on or about November 10, 2008.

Petitioner's applications for state habeas relief, filed with the trial court on June 6, 2010, afford him no tolling effect, as they were filed over eighteen months after federal limitations expired. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000) (holding that a state habeas application filed after expiration of the federal limitation does not toll limitations

under section 2244(d)(2)). Petitioner does not establish that he was subject to state action that impeded him from filing the instant petition in a timely manner. *See* 28 U.S.C. § 2244(d)(1)(B). Further, there is no showing of a newly-recognized constitutional right upon which the petition is based, nor is there a factual predicate for a claim that could not have been discovered previously with due diligence. *See* 28 U.S.C. §§ 2244(d)(1)(C), (D). Although petitioner argues that trial counsel failed to comply with *Padilla v. Kentucky*, 130 S. Ct. 1473 (2010), in that he was not advised of any risks of deportation due to his guilty plea, current Fifth Circuit Court of Appeals rulings hold that *Padilla* is a new rule that does not apply retroactively and cannot serve as the basis for a collateral challenge to a conviction that was final before *Padilla* was decided. *United States v. Amer*, 681 F.3d 211, 214 (5th Cir. 2012). Petitioner's convictions became final under state law in late 2007, well before the Supreme Court decided *Padilla*, and *Padilla* provides petitioner no basis for holding his petition timely filed.

In his memorandum of law, petitioner admits that his petition is untimely, but contends that the limitations period should be equitably tolled. (Docket Entry No. 2.) As grounds, he asserts that (1) he is a native of El Salvador who is unable to speak or understand English; (2) his attorney did not advise him of the federal limitations period; and (3) his attorney's egregious conduct constitutes extraordinary circumstances. Petitioner's arguments are unpersuasive.

The statute of limitations governing federal habeas petitions is subject to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). The Fifth Circuit has long held that equitable tolling is available only in "rare and exceptional circumstances," *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1999), and applies principally where the petitioner is "actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Flores v. Quarterman*, 467 F.3d 484, 487 (5th Cir. 2006). The petitioner has the burden to prove equitable tolling is warranted. *Phillips v. Donnelly*, 216 F.3d 508, 511(5th Cir. 2000).

That petitioner has difficulty with the English language is not a rare and exceptional circumstance entitling him to equitable tolling. *See Turner v. Johnson*, 177 F.3d 390, 393 (5th Cir. 1999) (holding that lack of counsel and unfamiliarity with the legal system do not warrant equitable tolling even if unfamiliarity is caused by "illiteracy or any other reason."). Nor does he merit equitable tolling for counsel's failure to advise him of the federal filing deadline. *See Felder v. Johnson*, 204 F.3d 168, 171–72 (5th Cir. 2000) (holding that prisoner's *pro se* status and lack of knowledge of filing deadline did not warrant equitable tolling). Moreover, petitioner shows no egregious action by counsel that prevented him from timely filing. Documents submitted by petitioner in his response to the motion for summary judgment show only that counsel had been hired by petitioner's wife to review petitioner's trial records to see if habeas proceedings were advisable; counsel never promised to file an application for state habeas relief and, to the contrary, ultimately advised his client that he

5

found no grounds for habeas relief. On March 19, 2008, he advised petitioner that he had been hired by petitioner's wife "to investigate and research the practicality of filing a writ of habeas corpus[.]" (Docket Entry No. 18, p. 9.) On April 19, 2008, he met in person with petitioner in prison to discuss the case, and outlined his plans for investigating the trial record and speaking with trial counsel, and over the following few weeks investigated the record, spoke with trial counsel, and researched applicable legal matters. *Id.*, pp. 13–17. He then informed petitioner's wife that he advised against spending any more money, as he saw no viable grounds for pursuing habeas relief. *Id.*, p. 16. Petitioner presents no probative summary judgment evidence establishing that counsel had agreed, but failed, to file a state application for habeas relief on petitioner's behalf.

Petitioner establishes no extraordinary circumstances warranting equitable tolling, and the instant federal petition is barred by limitations.

## *Conclusion*

Respondent's motion for summary judgment (Docket Entry No. 15) is GRANTED, and this case is DISMISSED WITH PREJUDICE as barred by limitations. A certificate of appealability is DENIED. Any and all pending motions are DENIED AS MOOT.

Signed at Houston, Texas on January 7, 2013.

_____
Gray H. Miller
United States District Judge